IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Rashawn Vertez Carter, | C/A No. 5:25-cv-1287-SAL |
| Petitioner, | |
| v. | |
| John Palmer, et al., | **ORDER** |
| Respondent. | |

Petitioner Rashawn Vertez Carter ("Petitioner"), a state prisoner proceeding pro se, filed this action pursuant to 28 U.S.C. § 2254. This matter is before the court on the Report and Recommendation (the "Report") of Magistrate Judge Kaymani D. West, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). [ECF No. 56.] The magistrate judge recommends this court grant Respondent's motion for summary judgment and deny Petitioner's motion to stay. [ECF No. 56.] Attached to the Report was a notice advising Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. *Id.* at 21. Petitioner requested a thirty-day extension to file objections, which the court granted. [ECF Nos. 59, 61.] But Petitioner has not filed objections, and the time for doing so has expired. *See* ECF No. 61.

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of only those portions of the Report that have been specifically objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1).

1

In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

After a thorough review of the Report, the applicable law, and the record of this case, the court finds no clear error and **ADOPTS** the Report, ECF No. 56. For the reasons discussed in the Report, Respondent's motion for summary judgment, ECF No. 37, is **GRANTED**. Petitioner's motion to stay, ECF No. 45, is **DENIED**. Petitioner's motion for the presentment of documents and a contempt hearing, ECF No. 60, is **DISMISSED AS MOOT** as the court provided Petitioner with the requested documents. *See* ECF No. 61.

It is further ordered that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[1]

**IT IS SO ORDERED.**

March 24, 2026                                   Sherri A. Lydon
Columbia, South Carolina                         United States District Judge

---

[1] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). The court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."