IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Rashawn Vertez Carter, | C/A No. 5:25-cv-1287-SAL |
| Petitioner, | |
| v. | |
| John Palmer, et al., | **ORDER** |
| Respondent. | |

Petitioner Rashawn Vertez Carter ("Petitioner"), a state prisoner proceeding pro se, filed this action pursuant to 28 U.S.C. § 2254. This matter is before the court on the Report and Recommendation (the "Report") of Magistrate Judge Kaymani D. West, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). [ECF No. 56.] The magistrate judge recommends granting Respondent's motion for summary judgment and denying Petitioner's motion to stay.

Attached to the Report was a notice advising Petitioner of the procedures and requirements for filing objections and the serious consequences of failing to do so. *Id.* at 21. Petitioner requested and received a 30-day extension to file objections, making his deadline March 19, 2026. [ECF Nos. 59, 61.] When no objections had been received by March 24, 2026, the court adopted the Report without objection. [ECF No. 64.] Two days later, however, the court received another request for an extension of time from Petitioner, who indicated he had recently been transferred to a different correctional institution. [ECF No. 67.] Out of an abundance of caution, the court granted a final extension. [ECF No. 69.] The court received Petitioner's objections to the Report on April 22, 2026, ECF No. 72, and Respondent then filed a reply, ECF No. 73. The court has vacated its

1

previous order and now considers Petitioner's objections, which the court deems timely filed. *See* ECF No. 74. For the reasons that follow, the court overrules Petitioner's objections, adopts the Report, grants Respondent's motion for summary judgment, and denies Petitioner's motion to stay.

### REVIEW OF A MAGISTRATE JUDGE'S REPORT

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may serve and file written objections. *See Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3)). The district court then makes a de novo determination of those portions of the Report to which an objection is made. *Id.* To trigger de novo review, an objecting party must object with sufficient specificity to reasonably alert the district court of the true ground for the objection. *Id.* (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). If a litigant objects only generally, the court need not explain adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim. *Elijah*, 66 F.4th at 460. Objections need not be novel to be sufficiently specific. *Id.*

Because Petitioner is proceeding *pro se*, the court is charged with liberally construing the pleadings to allow him to fully develop potentially meritorious claims. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). That said, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts

2

which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## DISCUSSION

The Report thoroughly recounts the facts underlying Petitioner's state criminal convictions, the procedural history of this case, and the relevant law. The court adopts that discussion without a full recitation here. As noted in the Report, Petitioner is currently serving a 35-year sentence following his convictions for first degree burglary, armed robbery, kidnapping, possession of a firearm by a person convicted of a violent felony, and possession of a deadly weapon during the commission of a violent crime. [ECF No. 56 at 4–5.] Petitioner appealed his convictions in state court but did not pursue post-conviction relief. *See id.* at 5–6. Instead, he came to this court seeking habeas relief.

## I.    Motion for Summary Judgment

In his § 2254 petition, Petitioner raises a single ground for relief—he argues his Fourth Amendment rights were violated when law enforcement tracked him through real-time cell phone signals without first obtaining a warrant. *See* ECF No. 1. This same issue was raised in Petitioner's direct appeal, and the state appellate court affirmed the trial court's denial of the suppression motion. *See* ECF No. 56 at 16–18 (holding "provisions of the federal Stored Communications Act make it irrefutably clear that the good-faith exception to the exclusionary rule applies, such that even if an unconstitutional search occurred, we would not sanction the 'harsh medicine' of excluding the evidence obtained through that search" (quoting *State v. Carter*, 912 S.E.2d 264, 267 (S.C. 2025))).

Respondent moves for summary judgment, arguing that the sole issue raised in the petition is not cognizable on federal habeas review under *Stone v. Powell*, 428 U.S. 465 (1976), because

South Carolina afforded Petitioner a full and fair opportunity to litigate his Fourth Amendment claim. [ECF No. 36 at 14–27.] The magistrate judge agreed, and this court does as well. Under *Stone,* federal courts are precluded from granting habeas relief based on Fourth Amendment claims "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim . . . ." *See* ECF No. 56 at 18. The record establishes that Petitioner litigated his Fourth Amendment claim in the trial court and again pursued the issue on direct appeal. *See id.* at 15–19. Because South Carolina afforded him a full and fair opportunity to litigate his Fourth Amendment claim, federal habeas review is barred.

Petitioner raises four objections. [ECF No. 72.] First, relying on case law from the 1800s, Petitioner argues that the state court lacked jurisdiction over his criminal case based on the date of his trial. *Id.* at 1–6 (citing *Ex parte De Hay*, 3 S.C. 564 (1872); *State v. McLemore*, 2 Hill (SC) 680 (1835)). This argument is meritless. South Carolina law is clear that "[t]he court of general sessions has subject matter jurisdiction to try criminal cases." *State v. Smalls*, 613 S.E.2d 754, 756 (S.C. 2005). Nothing in Petitioner's objection undermines the conclusion that he had a full and fair opportunity to litigate his Fourth Amendment claim.

Petitioner's second and third objections challenge conclusions regarding exigent circumstances and the officers' good faith, but Petitioner believes the magistrate judge made such findings. [ECF No. 72 at 6–14.] The magistrate judge made no such findings. Even if Petitioner is challenging the state courts' conclusions, again, the court need not address the substance of Petitioner's Fourth Amendment claim as it is barred by *Stone*. These objections are overruled.

Finally, Petitioner disagrees with portions of the factual background recited in the Report, including whether he consented to go with law enforcement after they tracked him using his cell

phone. *Id.* at 14–16. Even assuming Petitioner's version of the facts is correct, this objection is overruled as it does not affect the reason for dismissal.

## II.        Motion to Stay

After Respondent moved for summary judgment, Petitioner moved to stay this action while he considered his post-conviction relief ("PCR") options in state court. [ECF No. 45.] Respondent opposed the motion, arguing that Petitioner's sole habeas claim had been exhausted and that a stay was therefore unwarranted. [ECF No. 46.]

The magistrate judge recommends this court deny Petitioner's motion to stay because the case does not involve a mixed petition under *Rhines v. Weber*, 544 U.S. 269 (2005)[1] and because Petitioner has not identified any unexhausted grounds he is pursuing or plans to pursue in state court. [ECF No. 56 at 6–7.] Further, the magistrate judge advised Petitioner, prior to authorizing service, that if he intended to pursue PCR relief, his federal petition would be premature because he may bring only one § 2254 action for federal habeas relief from his current convictions. *See* ECF No. 14. Petitioner replied that he did not file a PCR action in state court, and he wished to proceed with his habeas action here. *See* ECF No. 16.

The court finds Petitioner's motion to stay should be denied where the petition contains a single exhausted claim and where Petitioner has otherwise not identified what grounds he is pursuing or intends to pursue in a PCR action in state court.[2] *See* ECF No. 56 at 6–7.

---

[1] Under *Rhines*, a stay should be granted where a petitioner demonstrates "[(1)] good cause for his failure to exhaust, [(2)] his unexhausted claims are potentially meritorious, and [(3)] there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." 544 U.S. at 278.

[2] The court has reviewed the state court docket. *See* Aiken County Second Judicial Circuit Public Index, https://publicindex.sccourts.org/Aiken/PublicIndex/PISearch.aspx (searching Petitioner's first and last name) (last accessed June 23, 2026). Nothing suggests that Petitioner has filed any PCR action in state court, but it is unclear whether a PCR application would be timely at this point.

**CONCLUSION**

After a thorough review of the Report, the applicable law, and the record of this case, the court **ADOPTS** the Report, ECF No. 56. For the reasons discussed above and in the Report, Respondent's motion for summary judgment, ECF No. 37, is **GRANTED**, and Petitioner's motion to stay, ECF No. 45, is **DENIED**.

It is further ordered that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[3]

**IT IS SO ORDERED.**

July 2, 2026                                      Sherri A. Lydon
Columbia, South Carolina                          United States District Judge

---

[3] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). The court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."